## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHABBAR RAFIQ, | : | Civil No. 1:26-CV-00748 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN CLINTON COUNTY | : | |
| CORRECTIONAL FACILITY, | : | |
| | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Before the court is an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Shabbar Rafiq ("Rafiq").  (Doc. 8.)  Rafiq argues that his prolonged detention without a bond hearing pursuant to 8 U.S.C. § 1226(c) violates his due process rights and asks the court to order a prompt bond hearing before an immigration judge.  For the reasons that follow, the court will deny Rafiq's petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Rafiq is a native and citizen of Pakistan and was admitted to the United States on December 28, 2000, as a nonimmigrant visitor.  (Doc. 9-3, p. 2.)[1]  On June 24, 2010, Rafiq's status was changed to a conditional resident under the Immigration and Nationality Act ("INA") § 245.  (*Id.*)  On May 22, 2017, Rafiq was convicted of conspiracy to distribute a controlled substance and a controlled

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

substance analogue in the United States District Court for the Northern District of Texas and sentenced to 144 months imprisonment.  (*Id.*)  Rafiq's conditional residence status was terminated on May 14, 2019.  (*Id.*)

On October 22, 2020, Immigration and Customs Enforcement ("ICE") agents encountered Rafiq pursuant to the Criminal Alien Program.  (*Id.*)  ICE issued an immigration detainer and warrant for Rafiq's arrest based on his criminal conviction and issued a notice to appear on August 21, 2024.  (*Id.*)  The notice to appear charged Rafiq as removable pursuant to Sections 237(a)(2)(A)(iii) and (a)(2)(B)(i) of the INA because he was convicted of an aggravated felony.  (Doc. 9-1, p. 5.)

Rafiq's projected release date from the Bureau of Prisons was December 4, 2025.  (*Id.* at 1.)  However, on December 14, 2024, Rafiq was transferred to a Residential Reentry Center in Fort Worth, Texas.  (Doc. 8, p. 1.)  Following a change in policy, Rafiq was returned to the Federal Correctional Institution at Allenwood ("FCI Allenwood") on February 14, 2025.  (*Id.* at 2.)  Rafiq remained at FCI Allenwood until his projected release date of December 4, 2025.  At that time, he was transferred to ICE custody and was (and currently is) detained at Pike County Correctional Facility.  (Doc. 8, p. 2; Doc. 9, p. 3; Doc. 9-7, p. 2.)

While still serving his federal sentence, on October 28, 2025, Rafiq's applications for relief from removal were denied and he was ordered removed to

Pakistan. (Doc. 9-4.) On December 10, 2025, Rafiq appealed the decision to the BIA, which remains pending. (Doc. 9-5.) An immigration judge denied Rafiq's request for custody redetermination citing that he was subject to mandatory detention on February 11, 2026. (Doc. 9-6.) On March 11, 2026, an immigration judge denied Rafiq's appeal of the determination that he was subject to mandatory detention. (Doc. 9-7.)

On March 24, 2026, Rafiq filed a petition for writ of habeas corpus against the Warden of Clinton County Correctional Facility ("Respondents"). (Doc. 1.) Rafiq requested to file an amended petition, which the court granted, and he did so on April 10, 2026. (Docs. 6, 7, 8.) Respondent filed a response on April 22, 2026, and Rafiq filed a traverse on May 4, 2026. (Docs. 9, 10.) Thus, this petition is ripe for review.

### JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States."

3

**DISCUSSION**

Rafiq states that he has been detained in continuous custody since February 14, 2025, over thirteen months, without a bond hearing. (Doc. 8, p. 3.) He submits that the conditions at Clinton County Correctional Facility are punitive and that he is not a danger to the community or a flight risk. (*Id.* at 2–3.) Rafiq argues that this prolonged detention without a bond hearing violates his Fifth Amendment Due Process rights and that he is entitled to a prompt bond hearing. (*Id.* at 1–5.) Rafiq requests that the court grant his petition, issue a declaratory judgment that his continued detention is unreasonable and violates the Due Process Clause, and order an individualized bond hearing before an immigration judge within seven days where Respondent must show by clear and convincing evidence that Rafiq's continued detention is necessary to prevent flight risk or a danger to the community. (Doc. 1, p. 20.)

Respondents assert that Rafiq is subject to mandatory detention under 8 U.S.C. § 1226(c). (Doc. 9, p. 4–5.) Applying the test set forth by the Third Circuit Court of Appeals in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 211 (3d Cir. 2020), Respondents argue that each factor weighs against Rafiq. (Doc. 9, pp. 11–19.)

Section 1226(c) requires mandatory detention of aliens previously convicted of certain criminal offenses. Although there is no statutory limit on the length of

4

time a detainee may be detained under 8 U.S.C. § 1226(c), a petitioner may still bring an as-applied constitutional challenge alleging that his continued detention has become unconstitutional and unreasonable under the Due Process Clause of the Fifth Amendment. *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); *German Santos*, 965 F.3d at 208–09. When considering whether the petitioner's detention has become unreasonable, "[t]he most important factor is the duration of detention." *German Santos*, 965 F.3d at 211. The court must additionally consider "all the other circumstances" of the detention, including (1) "whether the detention is likely to continue," (2) "the reasons for the delay, such as a detainee's request for continuances," and (3) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Ctny. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)).

Appling the *German Santos* factors to this case, the court will deny Rafiq's petition for writ of habeas corpus. Turning to the most important factor, the duration of Rafiq's detention, Rafiq submits that he has been in ICE custody since February 14, 2025. However, the evidence in this case shows that Rafiq was concluding his federal sentence at FCI Allenwood from February 14, 2025, through to his Bureau of Prisons projected release date of December 4, 2025. During this time, he was litigating his immigration status, but he was not in ICE custody until December 4, 2025. Thus, Rafiq has been detained without a bond

hearing for approximately 5 months.  While there is no "presumption of reasonableness or unreasonableness of any duration," after 5 months, detention "becomes more and more suspect."  *German Santos*, 965 F.3d at 211.  However, suspect does not equate to unreasonable.  Courts within this District have routinely held that being detained under Section 1226(c) without a bond hearing for less than one year is not unreasonable.  *See, e.g.*, *Rahmatov v. Lowe*, No. 3:26-cv-553, 2026 WL 837974, *2 (M.D. Pa. Mar. 26, 2026) (finding 5 months not unreasonable); *Yirenkyi v. Hoover*, No. 3:25-cv-2414, 2026 WL 268230, at *4 (M.D. Pa. Feb. 2, 2026) (finding 9.5 months not unreasonable).  The court agrees with Respondent in this case that Rafiq's five months in ICE detention has not risen to the level of unreasonably prolonged.  Because Rafiq cannot meet this first critical factor, the court need not address the remaining *German Santos* factors and will deny his petition.

### CONCLUSION

Thus, the court will deny Rafiq's petition for writ of habeas corpus.  An appropriate order follows.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania

Dated: May 19, 2026